**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN ROMAN, | |
| Plaintiff, | Civil No. 23-1512 (BRM) (CLW) |
| v. | **OPINION** |
| PATRICK NOGAN, *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the Court's December 6, 2024, Order to Show Cause why *pro se* plaintiff Juan Roman's ("Plaintiff") civil rights amended complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983, should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 11.) For the reasons set forth below and for good cause having been shown, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.**

**I.    BACKGROUND**

On March 20, 2023, the Court received Plaintiff's *pro se* initial civil rights complaint (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). The Court denied Plaintiff's initial IFP application and administratively terminated this matter. (ECF No. 3.) On April 10, 2023, Plaintiff filed a renewed IFP application. (ECF No. 4.) On April 17, 2023, based on his affidavit of indigence, the Court granted him leave to proceed IFP and dismissed Plaintiff's initial complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), and closed this case. (ECF Nos. 6, 7.) At that time, the Court provided Plaintiff

with thirty-days, or until May 17, 2023, to move to reopen this matter, attaching to any such motion a proposed amended complaint which addressed the deficiencies of the complaint as stated in the Court's April 17, 2023 Opinion. (ECF No. 7 at 2.)

The Court did not receive anything from Plaintiff in this action for an entire year. Then, on May 8, 2024, Plaintiff filed an Amended Complaint. (ECF No. 9.) On December 6, 2024, the Court issued an Order to Show Cause, directing Plaintiff to "show cause in writing why this case should not be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (ECF No. 11.) The Court provided Plaintiff with 30 days from the Court's December 6, 2024 Order to Show Cause to respond. (*Id.*) Plaintiff has failed to respond to the Court's Order to Show Cause or to communicate with the Court in any way.

## II.  LEGAL STANDARD

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

### III. DECISION

Here, the *Poulis* factors generally favor dismissal. First, Plaintiff is *pro se* and is solely responsible for his failure to comply with the Court's orders in this case. Plaintiff failed to file his Amended Complaint within the ordered amount of time. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause. *See Briscoe v. Klaus*, 538 F. 3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case.").

Second, there have been no U.S. Marshals Forms 285 issued and defendants have not been served with the Amended Complaint. While Plaintiff's case has lingered in the Court for well over a year, it is difficult to determine if the Defendants have been prejudiced. Therefore, the second factor is neutral.

Regarding the third and fourth factors, the Court is required to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith or willfully. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868. A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. Plaintiff delayed filing his Amended Complaint for a year following the Court's Order allowing amendment. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause. "The delay is purely the result of Plaintiff's inaction." *Macon*

3

*v. City of Asbury Park*, No. 07-1413, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008). Such lack of action makes "clear that [Plaintiff's] failure to participate in his case is at least knowing, if not willful." *Id.* "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Because Plaintiff did not respond to the Court's Order to Show Cause, it is unclear whether his failure to comply with the Court order is the result of an intentional abandonment of his claims or simple neglect. The Court concludes that the third factor weighs in favor or dismissal and the fourth factor is neutral.

Fifth, the Court believes that lesser sanctions would not be effective. The purpose of alternative sanctions is to honor the tradition of adjudicating cases on the merits. *See Hildebrand*, 923 F.3d at 136. Plaintiff's failure to comply with the Court's orders, or explain his inability to do so, strongly suggests that Plaintiff has abandoned his claims. *Porten v. Auto Zone*, No. 10-2629, 2011 WL 2038742, *3 (D.N.J. May 24, 2011). Additionally, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

Finally, in situations where the overwhelming balance of the first five factors weighs in favor of dismissal, the Court need not address the merits of Plaintiff's case. *McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), report and recommendation adopted, No. 16-841, 2019 WL 5448684 (D.N.J. Oct. 24, 2019). As mentioned *supra*, "[e]ach factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

Therefore, the case is **DISMISSED WITH PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.

### IV.  CONCLUSION

For the reasons set forth above, and for good cause having been shown, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

Date: April 14, 2025

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**